IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 09-00496 |
| JOSEPH LICATA<br>LOUIS FAZZINI | : | |

**THE UNITED STATES' MEMORANDUM
IN SUPPORT OF ITS MOTIONS
FOR PRETRIAL DETENTION**

The United States of America respectfully submits the memorandum of law in support of its motion for pretrial detention of the defendants JOSEPH LICATA and LOUIS FAZZINI.

**A. The Bail Reform Act**

Under the Bail Reform Act, Title 18, United States Code, Sections 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. See 18 U.S.C. § 3142(e) ("no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). A finding of dangerousness must be supported by clear and convincing evidence. A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

The Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the weight of the evidence of the defendant's guilt; (3) the history and characteristics of the defendant; and (4) the nature and

seriousness of the danger posed by the defendant's release . See 18 U.S.C. § 3142(g).

**B. Organized Crime Defendants**

In the case at bar, the District Court has already ordered pretrial detention for six co-defendants who are fully initiated or "made" members of the Philadelphia LCN Family, including the leaders of the criminal enterprise, because they posed a danger to the community. The detained defendants include: JOSEPH LIGAMBI, JOSEPH MASSIMINO, GEORGE BORGESI, MARTIN ANGELINA, GAETON LUCIBELLO, and DAMION CANALICHIO. The Third Circuit has affirmed the pretrial detention orders for LIGAMBI, MASSIMINO, LUCIBELLO, and ANGELINA.

Other district courts in this Circuit have routinely faced the issue of pretrial detention of organized crime defendants charged with racketeering-related offenses. See, e.g., United States v. Merlino, Cr. No. 99-363-01, 1999 U.S. Dist. LEXIS 6138 (E.D. Pa. December 15, 1999) (detaining Philadelphia LCN Family acting boss Joseph Merlino as danger to the community); United States v. Leonetti, Cr. No. 88-00003, 1988 U.S. Dist. LEXIS 5593 (E.D. Pa. June 9, 1988) (detaining Philadelphia LCN Family underboss Philip Leonetti and soldiers Charles Iannece, Salvatore Wayne Grande, Joseph Pungitore, Salvatore Scafidi, and Joseph Grande as danger to the community); United States v. Tavella, Cr. No. 94-127-11, 1994 U.S. Dist. LEXIS 6138 (E.D. Pa. May 5, 1994) (detaining Philadelphia LCN Family associate Gary Tavella as danger to the community); United States v. Salvatore Brunetti, Cr. No. 94-127-13, 1994 U.S. Dist. LEXIS 4223 (E.D. Pa. March 30, 1994) (detaining Philadelphia LCN Family associate Salvatore Brunetti as danger to the community); United States v. Felumero, Cr. No. 93-124-01, 1993 U.S. Dist. LEXIS 5490 (E.D. Pa. April 9, 1993) (detaining defendant Felumero as danger to the community based on evidence of his apparent connection with organized crime

figures).

Together, these cases stand at least for the following propositions: (1) leaders of a violent organized criminal enterprise inherently are dangerous due to their position of authority in that enterprise; (2) organized crime defendants often constitute dangers to the community due to the high likelihood that they will continue to commit crimes if released on bail; and (3) elaborate bail packages involving home detention and electronic monitoring are insufficient safeguards to protect the community against dangerous organized crime defendants.

### 1. **Organized Crime Leaders Are Dangers to the Community**

Pretrial detention is warranted where defendants, charged with violent crimes, are leaders or high-ranking members of a criminal organization whose activities routinely include violence and threats of violence. See Leonetti, 1988 U.S. Dist. LEXIS 5593 at *14. The court in Leonetti recognized that when organized crime depends on a pattern of violent conduct of the sort charged in this case, the risk to the community is substantial and justifies detention. Id. at *11.

Further, in United States v. Salerno, 631 F. Supp. 1364, 1375 (S.D.N.Y. 1986), order vacated, 794 F.2d 64 (2d Cir.), order reinstated, 829 F.2d 345 (2d Cir. 1987), the district court, in ordering the detention of two leaders of the Genovese LCN Family, observed that:

> The activities of a criminal organization such as the Genovese Family do not cease with the arrest of its principals and their release on even the most stringent of bail conditions. The illegal businesses, in place for many years, require constant attention and protection, or they will fail. Under these circumstances, this court recognizes a strong incentive on the part of its leadership to continue business as usual. When business as usual involves threats, beatings, and murder, the present danger such people pose in the community is self evident.

Salerno, 631 F. Supp. at 1375.

In addition, to be detained as a danger to the community, an organized crime defendant need not be charged in specific predicate acts of violence; it is enough that his position is at the helm of a violent organization. See United States v. Ciccone, 312 F.3d 535, 542-43 (2d. Cir. 2002). The courts' decisions to deny bail to organized crime leaders have not been based solely on the defendants' mere "association" with organized crime, but rather on the evidence that members of organized crime, and in particular, high-ranking members of organized crime, routinely engage in acts of violence as a result of their position in a criminal enterprise. As the court observed in Leonetti, 1988 U.S. Dist. LEXIS 5593 at *10:

> The individual criminal acts allegedly committed by each defendant will be examined, but these individual acts must always viewed in the context of each defendant's alleged membership in La *Cosa Nostra* and what that membership and organization represents.

Moreover, in enacting the Bail Reform Act, Congress itself recognized that high-ranking members of an organized crime family fall within the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." S. Rep. No. 225 98th Cong., 1st Sess. at 6-7, as reprinted in 1984 U.S. Code Cong. & Admin. News 3182 ("Senate Report"), 3188-89.

Nor is the above case law narrowly limited to organized crime "bosses" or "acting bosses." In Leonetti, 1988 U.S. Dist. LEXIS 5593 at *14, the court held that a defendant would be a danger to the community if released on bail based on evidence that he was the underboss, or second in command, of the Philadelphia LCN Family who ran the organization when the boss was unavailable. In United States v. Colombo, 777 F.2d 96, 99, a captain of a crew in the Colombo LCN Family was ordered detained because the operation of that organization posed a

"risk to the public" and a "danger to the community" by its "consistent pattern of orchestrating a series of violent criminal operations."

### 2. Organized Crime Defendants Are Likely to Commit Crimes if Released on Bail

Organized crime defendants pose a particular threat to the community due to the continuing nature of the charged enterprise and its violent criminal activities. At bottom, because organized crime defendants are career criminals who belong to an illegal enterprise, they pose a distinct threat to commit additional crimes if released on bail. As organized crime defendants demonstrate their loyalty to the enterprise by their willingness to commit acts of violence towards those who pose a threat to the enterprise and who might jeopardize its operations, each individual organized crime defendant poses a real danger to potential witnesses in a case. Leonetti, 1988 U.S. Dist. LEXIS 5593 at *10. Collectively, a group of organized crime defendants placed on bail pose an even greater danger. Id. at *11. In United States v. Delker, 757 F.2d 1390, 1400-1401 (3d. Cir. 1985), the Third Circuit held that an organized crime defendant who has threatened or intimated witnesses posed a significant danger to the community and should be detained prior to trial.

Congress noted that defendants pose a danger to the community not only when they commit acts of violence, but when it is likely that they will commit even non-violent crimes that are detrimental to the community. See Senate Report at 3195 ("language referring to safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community . . . . The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence").

### 3. Conditions of Release Are Insufficient to Protect the Community Against Violent Organized Crime Defendants

Finally, the district court has rejected "elaborate" bail packages for dangerous defendants, including leaders of organized crime families shown to be involved in violent criminal activities. See Merlino, 1999 U.S. Dist. LEXIS 6138 at *11-12 (holding that house arrest in conjunction with an ankle bracelet would provide no guarantee that the acting boss of the Philadelphia LCN Family will refrain from engaging in criminal meeting); Tavella, 1994 U.S. Dist. LEXIS 6138 at *6 (rejecting house arrest with electronic monitoring as sufficient conditions to eliminate the potential danger to the community posed by an associate of the Philadelphia LCN Family); Brunetti, 1994 U.S. Dist. LEXIS 4223 at * (rejecting the posting of property and house arrest with electronic monitoring as means to protect the community from the danger posed by an associate of the Philadelphia LCN Family).

In Merlino, 1999 U.S. Dist. LEXIS 6138 at *11-12, the court addressed the insufficiency of house arrest with electronic monitoring by finding that defendant Merlino, as the acting boss of the Philadelphia LCN Family, could engage in criminal activity in a variety of ways, including communicating with visitors to his home and conducting criminal activity over cell phones which cannot be monitored by the government. The court concluded that continued detention provided the best protection against the danger to the community posed by the organized crime leader. Id.

## **CONCLUSION**

Based upon the foregoing authorities, the government respectfully requests that Court order the pretrial detention of the defendants.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania


/s/ John S. Han
JOHN S. HAN
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice

FRANK A. LABOR III
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that copies of the United States' Memorandum of Law in Support of its Motions for Pretrial Detention were electronically filed and served on counsel for the defendants, as follows:

    Mariana Rossman
    1500 Walnut Street, Suite 1207
    Philadelphia, PA 19102

    Giovanni O. Campbell
    100 South Broad Street, Suite 1530
    Philadelphia, PA 19110

    /s/ John S. Han
    JOHN S. HAN
    Trial Attorney
    Organized Crime and Gang Section
    U.S. Department of Justice

    FRANK A. LABOR III
    Assistant United States Attorney

Date:  May 2, 2012