IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 09-00496-01, -03, -04, |
| | : | -05, -06, -07, -08, -10, |
| v. | : | -11, -14, -15 |
| | : | |
| JOSEPH LIGAMBI, | : | |
| ANTHONY STAINO, JR., | : | |
| JOSEPH MASSIMINO, | : | |
| GEORGE BORGESI, | : | |
| MARTIN ANGELINA, | : | |
| GAETON LUCIBELLO, | : | |
| DAMION CANALICHIO, | : | |
| LOUIS BARRETTA, | : | |
| GARY BATTAGLINI, | : | |
| JOSEPH LICATA, and | : | |
| LOUIS FAZZINI, | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                  June 21, 2012

I.  **INTRODUCTION**

Before the Court is Defendant Ligambi's Motion to Dismiss Count One[1] of the Second Superseding Indictment. For the following reasons, the Court will deny Defendant's Motion.

---

[1] The Court granted the following motions to join Defendant Ligambi's Motion to Dismiss Count One: Canalichio (ECF Nos. 322, 329); Lucibello (ECF Nos. 327, 329); Angelina (ECF No. 334);

1

**II. BACKGROUND**

Defendant Ligambi is one of fourteen defendants charged in a fifty-two count Second Superseding Indictment. The case emerged from a criminal investigation spanning ten years and has been twice designated a complex case due to the number of defendants and the nature and quantity of evidence, which includes over 14,000 intercepted wire and oral communications. See ECF Nos. 166, 520. Among other counts, Defendants are charged with conspiring to conduct and participate in the conduct of the affairs of the criminal enterprise of the Philadelphia La Cosa Nostra ("LCN") Family through a pattern of racketeering activity and through the collection of unlawful debts.

Defendant Ligambi moved to dismiss Count One of the Second Superseding Indictment,[2] which charges eleven defendants

---

Staino, Jr. (ECF No. 392); Borgesi (ECF No. 404); Massimino (ECF No. 545); Barretta (ECF No. 574); Battaglini (ECF No. 579); Fazzini (ECF No. 589); and Licata (ECF No. 592).

[2] The Second Superseding Indictment was filed on April 18, 2012, and unsealed on April 26, 2012, while Defendant Ligambi's Motion to Dismiss Count One of the Superseding Indictment was pending. While the Second Superseding Indictment made certain material changes to the Superseding Indictment, these changes do not affect the legal analysis of the matters at issue. The Government responded after the Second Superseding Indictment was filed and the Defendant was given an extension of time to file any supplementation to his motion, which he did. See Def.'s

with a RICO conspiracy, because the allegations in the indictment fail to establish the necessary elements to sustain a racketeering conspiracy pursuant to 18 U.S.C. § 1962(d). Def.'s Mot. 1. The Government responds that the Defendant's motion must be denied because Count One sufficiently alleges a violation of § 1962 and Defendant's motion inappropriately seeks to test the sufficiency of the Government's evidence. Gov't's Resp. 3, ECF No. 494. After hearing oral argument on June 15, 2012, the motion is now ripe for disposition.

**III. LEGAL STANDARDS**

When considering a motion to dismiss an indictment, the Court accepts as true the factual allegations contained in the indictment and determines only whether the indictment is valid on its face. See Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952). Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Third Circuit has held that:

> [A]n indictment [is] sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of

---

Supplement to Mot. to Dismiss, ECF No. 562. The Government also subsequently filed a Motion for Leave to File a Supplemental Memorandum in Response to Defendant's Reply Brief, ECF No. 583, to which Defendant responded, ECF No. 587.

3

> what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Vitillo, 490 F.3d 314 (3d Cir. 2007) (internal quotation marks omitted). Moreover, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989).

United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007). An indictment may be insufficient when it "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002); see also United States v. Schiff, 602 F.3d 152, 162-66 (3d Cir. 2010) (indictment alleging "failure to rectify misstatements of others" does not, as a matter of law, state an offense under securities statute that criminalizes omissions of information). The question is merely whether the indictment put the defendants on notice as to the nature of the charges against them, and whether the facts, if proven, are sufficient as a matter of law for a jury to convict.

A ruling on a motion to dismiss is not, however, "a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000). "'Evidentiary questions'—such as

4

credibility determinations and the weighing of proof—'should not be determined at th[is] stage.'" United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (quoting United States v. Gallagher, 602 F.2d 1139, 1142 (3d Cir. 1979)). Rather, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." DeLaurentis, 230 F.3d at 661.

Having reviewed the legal principles governing motions to dismiss a criminal indictment, the Court turns now to the elements necessary to allege a violation of 18 U.S.C. § 1962(d). Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate [Section 1962(c)]." The essence of a § 1962(d) conspiracy is the agreement to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[3] that is, the agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity or collection of unlawful debt. See

---

[3] Section 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

5

Salinas v. United States, 522 U.S. 52, 63-66 (1997). The essential elements of a substantive RICO violation under § 1962(c) are: "(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity [as defined at 18 U.S.C. § 1961(1) & (5) or through collection of unlawful debt]." United States v. Console, 13 F.3d 641, 652-53 (3d Cir. 1993).

The term "enterprise" under RICO includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (2006). An "association-in-fact" enterprise (that is, an enterprise composed of a group of individuals rather than a legal entity, such as a corporation) "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981); see also United States v. Irizarry, 341 F.3d 273, 285-86 (3d Cir. 2003). A RICO enterprise "is an entity separate and apart from the

6

pattern of racketeering activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved by the Government." Turkette, 452 U.S. at 583. Furthermore, "while the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other." Id. However, the Third Circuit has acknowledged that, in certain circumstances, the existence of an enterprise may be inferred from proof of a pattern of racketeering activity. See, e.g., Irizarry, 341 F.3d at 286; Console, 13 F.3d at 641; see also Boyle v. United States, 556 U.S. 938, 951 (2009).

For purposes of § 1962(c), "[a] 'pattern of racketeering activity' requires at least two acts of 'racketeering activity,'" defined as violations of various enumerated state and federal statutes, "which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. §§ 1961(1) & (5) (2006). Among the various state and federal violations that can constitute racketeering activity are: making extortionate extensions of credit (18 U.S.C. § 892), financing extortionate extensions of credit (18 U.S.C. § 893), collections of extensions of credit by extortionate means (18

U.S.C. § 894), witness tampering (18 U.S.C. § 1512), extortion (18 U.S.C. § 1951 and 18 Pa. Cons. Stat. Ann. §§ 3923(a)(1) & (a)(7)), interstate travel and use of facilities in aid of racketeering (18 U.S.C. § 1952), theft from an employee benefit plan (18 U.S.C. § 664), and illegal gambling (18 U.S.C. § 1955 and 18 Pa. Cons. Stat. Ann. §§ 5513 and 5514). See 18 U.S.C. §§ 1961(1) & 1961(5).

Proof of two acts of racketeering activity without more does not, however, establish a pattern of racketeering activity. The Supreme Court has stated that:

> "[T]o prove a pattern of racketeering activity a [] prosecutor must show that the racketeering acts are related, and that they amount to or pose a threat of [actual or] continued criminal activity."

United States v. Eufrasio, 935 F.2d 553, 564 (3d Cir. 1991) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989)).

The law of RICO conspiracy incorporates concepts from traditional conspiracy law. See Salinas v. United States, 522 U.S. 52, 63 (1997). For example, "proof of agreement in a RICO case may be established by circumstantial evidence to the same extent in traditional conspiracy cases." United States v. Riccobene, 709 F.2d 214, 225 (3d Cir. 1983). Additionally, "it is well-established that one conspirator need not know the identities of all his co-conspirators, nor be aware of all the

details of the conspiracy in order to be found to have agreed to participate in it." Riccobene, 709 F.2d at 225. However, unlike the general conspiracy provision at 18 U.S.C. § 371, a RICO conspiracy under § 1962(d) has no "overt act or specific act" requirement. Salinas, 522 U.S. at 64. Moreover, the government need not prove that Defendant committed or personally agreed to commit a racketeering act, nor that Defendant participated in the "operation or management" of the charged RICO enterprise. Id. at 63; Smith v. Berg, 247 F.3d 532, 536-38 (3d Cir. 2001). Rather, all the government is required to prove is that if the objective of the conspiracy was achieved, the enterprise would be established, and that the defendant agreed that two or more acts of racketeering would be committed by a conspirator in the conduct of the affairs of the enterprise. Salinas, 522 U.S. at 66.

In sum, to properly allege a violation of 18 U.S.C. § 1962(d), the Government must allege that Defendant joined in an agreement with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective. See Third Circuit Model Criminal Jury Instructions 6.18.1962D (2010).

**IV. DISCUSSION**

Defendant Ligambi argues that Count One is deficient because even though Count One identifies a pattern of racketeering activity based upon multiple criminal offenses and conspiracies, "no one defendant is common to each conspiracy, offense or group of offenses, and each offense or group of offenses is temporally distinct." Def.'s Mot. ¶ 9. He further substantiates this argument in stating that the indictment fails to aver a pattern of racketeering that has continuity and relatedness because the crimes are unrelated and the indictment does not aver a common plan. Id. ¶ 24. The Government responds that Count One properly charges a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and that Defendant's motion to dismiss improperly seeks to test the sufficiency of the Government's evidence before trial. Gov't's Resp. 3.

Contrary to Defendant Ligambi's assertions, the RICO conspiracy charge in Count One is adequate because it tracks the applicable statutory language as to the essential elements of a 1962(d) violation, and provides all of the defendants charged with "sufficient factual orientation . . . to prepare [their] defenses and to invoke double jeopardy in the event of a subsequent prosecution." Rankin, 870 F.2d at 112. Specifically,

Count One alleges that Ligambi, Massimino, Borgesi, Angelina, Staino, Jr., Lucibello, Canalichio, Barretta, Battaglini, Licata and Fazzini, and others, were members of and associated with the Philadelphia LCN Family. Second Superseding Indictment ¶ 1, ECF No. 407. It avers that the Philadelphia LCN Family, including its leadership, members, and associates, constituted an enterprise as defined in 18 U.S.C. § 1961(4), namely, a group of individuals associated-in-fact, although not a legal entity, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce. Id. The indictment meets all of the sub-elements of Turkette in that it describes the Philadelphia LCN Family as a group of persons associated and engaged in a course of conduct (that is, a pattern of racketeering activity, see id. ¶ 17) for several common purposes[4]

---

[4] The Second Superseding Indictment delineates those principal purposes as follows:

> The principal purposes of the Philadelphia LCN Family were: (a) to generate money for its members and associates through the commission of various criminal acts including, but not limited to: extortion, loansharking, illegal gambling, and the collection of unlawful debts; (b) to protect the Enterprise's territory and promote its interests through violence, actual and implied threats of violence, and the cultivation and exploitation of the Enterprise's reputation for violence; (c) to control, manage, finance, supervise, participate in, and set policy concerning the manner in which the Enterprise made money through illegal means; and (d) to conceal the existence and operations of the Enterprise from law

11

(for example, to make money, and to protect the Enterprise's territory). Id. ¶ 6. Moreover, the allegations state that the Philadelphia LCN Family constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise. Id. ¶ 1.

Additionally, there are sufficient factual allegations to satisfy the association-in-fact structural features identified in Boyle: purpose, relationships among the members, and longevity sufficient to enable the Philadelphia LCN Family to pursue its goals of, inter alia, making money, protecting its territory and concealing its criminal endeavors from law enforcement. Boyle, 556 U.S. at 946 ("[I]t is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.").

The indictment also alleges that each individual defendant agreed that a conspirator would commit at least two acts of racketeering activity[5] in the conduct of the affairs of

---

    enforcement detection through acts designed to obstruct justice.

Second Superseding Indictment ¶ 6.

[5] Defendant devotes significant attention to the difference between explicit and implied threats and the necessary evidence

the Enterprise. Second Superseding Indictment ¶ 18. Moreover, it is undisputed that the indictment charges each Defendant in the conspiracy with agreeing to facilitate a scheme which, if completed would include at least two acts of racketeering activity committed by at least one other conspirator, the last of which occurred within ten years after the commission of a prior act of racketeering, thus certainly meeting the statutory threshold set forth in § 1961(5).

The Defendant argues that the United States cannot demonstrate the relatedness sub-element of a pattern of racketeering because the offenses alleged are "simply unrelated." Def.'s Mot. ¶ 24. According to the Defendant, if the allegations are accepted as true, the most that can be proven are "several sets of different defendants committ[ing] six

---

required to establish the latter. See Def.'s Mot. 6-9. However, while making extortionate extensions of credit and collections of debts using extortionate means were alleged as predicate racketeering acts that Defendants agreed would be committed by some member of the conspiracy in the conduct of the affairs of the enterprise, the Government does not need to prove that the objectives or purposes of the conspiracy were achieved at all. Moreover, Defendant's argument goes to the sufficiency of the Government's evidence with respect to the commission of the acts of racketeering, which are the object of the RICO conspiracy. See Wong Tai v. United States, 273 U.S. 77, 81 (1927) ("It is well settled that in an indictment for conspiring to commit an offense--in which the conspiracy is the gist of the crime--it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense.").

13

conspiracies and seven groups of substantive offenses, none related to one another." Id. "Relatedness" can be shown through evidence that the criminal activities "'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" See H.J., Inc., 492 U.S. at 240 (quoting 18 U.S.C. § 3575(e)). Crimes can be interrelated by a distinguishing characteristic, such as when they are "committed pursuant to the orders of key members of the enterprise in furtherance of its affairs." United States v. Pungitore, 910 F.2d 1084, 1104 (3d Cir. 1990).

The relatedness sub-element is satisfied because the indictment states that the Philadelphia LCN Family functioned as a continuing unit for "a common purpose of achieving the objectives of the Enterprise," and the defendants agreed to commit acts of racketeering to achieve those common objectives, such as generating money for its members and associates and protecting the Enterprise's territory. See Second Superseding Indictment ¶¶ 1, 6. Moreover, Defendant's argument that Count One is deficient because no single defendant is charged with all of the offenses, Def.'s Mot. ¶¶ 26-28, is unavailing because the Supreme Court made clear that no such proof is required. See Salinas, 522 U.S. at 63 ("A conspiracy [including a RICO

14

conspiracy] may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.").

The Defendant further argues that the allegations in the indictment fall short of satisfying the sub-element of "continuity" as part of the element of "pattern of racketeering," because "the start and end dates" of the alleged predicate acts "vary as greatly as do the participants." Def.'s Mot. 15-16. "Continuity" includes "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J., Inc., 492 U.S. at 241. "Closed-ended continuity" can be established "by proving a series of related predicates extending over a substantial period of time." Id. at 242. A finding of "open-ended continuity," on the other hand, "depends on whether the threat of continuity is demonstrated." Id. Regarding the former, the predicate offenses are alleged to have occurred over a "closed period of repeated conduct," that is, twelve years during which at least twelve acts of racketeering activity were contemplated or executed. See Second Superseding Indictment 17-31. Many of the conspiracies and offenses constituting racketeering acts occurred over a

15

number of years and involved repeated conduct.[6] As to open-ended continuity, the length of time of the alleged conspiracy, the number of alleged schemes executed in furtherance of the Enterprise's affairs, and the allegation that these schemes continued between the time of the Superseding Indictment and the Second Superseding Indictment[7] suggest that there is also a "threat of continui[ng]" criminal activity in the future.

In sum, Count One properly charges a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), in accordance with the pleading requirements of Rule 7(c), and thus, the Court will deny Defendant's motion to dismiss Count One.

**VIII. CONCLUSION**

The Court denies Defendant Ligambi's Motion to Dismiss Count One because Count One properly charges a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). An appropriate order will follow.

---

[6] For example, one of the loansharking racketeering acts alleged involved Defendant Borgesi and occurred from approximately Spring 2005 through 2008. See Second Superseding Indictment ¶ 27. The extortion activities involving Ligambi, Staino, Massimino, Lucibello, and Borgesi alleged in Count One allegedly occurred for at least seven years. Id. at ¶ 29.

[7] The Second Superseding Indictment defines the dates of the racketeering conspiracy as "from in or about 1999 to in or about April 2012." See Second Superseding Indictment ¶ 16.